# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LATASHA PULLIAM, et al, | ) | |
|     Plaintiffs, | ) | Civil Action No. 17-231ERIE |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER BADGE #427, | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.

**II.    REPORT**

This civil rights action was filed by Plaintiffs acting pro se in this Court on August 22, 2017. By Order dated August 28, 2017, this Court directed Plaintiffs to either pay the filing and administrative fees or file a motion seeking leave to proceed in forma pauperis before September 11, 2017. The Order warned that Plaintiffs' failure to comply would result in the dismissal of this action for failure to prosecute. Plaintiffs failed to comply.

By Order dated October 2, 2017, this Court directed Plaintiffs to show cause before October 13, 2017 for their failure to comply with the August 28th Order. Plaintiffs were warned that their continued failure to comply would result in the dismissal of this action for failure to prosecute. As of today's date, Plaintiffs have failed to comply.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter over two months ago, Plaintiffs have taken none of the necessary first steps to prosecute this case. Plaintiffs are proceeding *pro se* and therefore bear all of the responsibility for any failure in the prosecution of these claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiffs' allegations could state a claim against these Defendants, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case should be dismissed due to Plaintiffs' failure to prosecute.

### III. CONCLUSION

It is respectfully recommended that the instant action be dismissed due to Plaintiffs' failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within

fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: November 29, 2017